1  KRISTIN A. LINSLEY (SBN 154148)
   klinsley@gibsondunn.com
2  ANGELA Y. POON (SBN 273106)
   apoon@gibsondunn.com
3  JOSEPH C. HANSEN (SBN 275147)
   jhansen@gibsondunn.com
4  GIBSON, DUNN & CRUTCHER LLP
   555 Mission Street, Suite 3000
5  San Francisco, California  94105-0921
   Telephone:  (415) 393-8200
6  Facsimile:  (415) 393-8306

7  Attorneys for Defendant
   FACEBOOK INC.

8

9

10

            UNITED STATES DISTRICT COURT

            CENTRAL DISTRICT OF CALIFORNIA

11

12

| | |
|---|---|
| HAVENSIGHT CAPITAL LLC, a USVI Limited Liability Corporation,<br><br>               Plaintiff,<br><br>   v.<br><br>FACEBOOK, INC., a Delaware Corporation, DOES 1 to 10<br><br>               Defendant. | CASE NO. 2:17-CV-06727<br><br>**MOTION OF DEFENDANT FACEBOOK INC. FOR AN ORDER DECLARING PLAINTIFF HAVENSIGHT CAPITAL LLC A VEXATIOUS LITIGANT**<br><br>**Hearing**:<br>Date:     November 9, 2017<br>Time:     10:00 a.m.<br>Place:    Courtroom 6D<br>Judge:   Hon. Fernando M. Olguin<br><br>Action Filed:  September 13, 2017 |

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

1  **TO THE COURT, THE CLERK, ALL PARTIES AND THEIR COUNSEL OF**
2  **RECORD:**

3      **PLEASE TAKE NOTICE THAT**, on November 9, 2017 at 10:00 a.m., or as
4  soon thereafter as the matter may be heard, before the Honorable Fernando M. Olguin,
5  in Courtroom 6D of the United States District Court, Central District of California,
6  located at the United States Courthouse, 350 W. 1st Street, 6th Floor, Los Angeles,
7  California, 90012, Defendant Facebook Inc. ("Facebook") will and hereby does move
8  this Court, pursuant to Local Rule 83-8, 28 U.S.C. § 1651(a), and the Court's inherent
9  authority, to declare Plaintiff Havensight Capital LLC a vexatious litigant.

10     Plaintiff has engaged in an extended pattern of filing frivolous and harassing
11 lawsuits and motions in this District against Facebook and other defendants.  It has been
12 declared a vexatious litigant for similar conduct in actions that it filed against Nike, Inc.,
13 and this Court, in a prior action filed against Facebook that was dismissed for lack of
14 subject matter jurisdiction, twice warned Plaintiff that it was perilously close to being
15 declared a vexatious litigant.  Yet Plaintiff has persisted with the filing of actions against
16 Facebook—and the present action is as meritless as its prior efforts, particularly because
17 it is now barred by a judgment on the merits entered by the California Superior Court in
18 an action filed after this Court's jurisdictional ruling on Plaintiff's earlier action.
19 Facebook now seeks this Court's protection from further vexatious litigation by
20 requesting that the Court (1) declare Plaintiff a vexatious litigant, (2) impose a pre-filing
21 order requiring Plaintiff to obtain written authorization from a Judge or Magistrate Judge
22 of this Court before filing any further actions in this District against Facebook based on
23 any allegation related to online advertisements, unfair business practices,
24 anticompetitive conduct, fraud, tortious conduct, negligence, or racketeering, and
25 (3) require Plaintiff to deposit $5,000 with the Court to secure the payment of any costs,
26 sanctions, or other amounts that may be awarded against Plaintiff.

27     This Motion is made following the conference of counsel pursuant to L.R. 7-3,
28 which conference took place on October 2, 2017.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, Facebook's concurrently filed Request for Judicial Notice, the accompanying Declarations of Kristin A. Linsley and Joseph C. Hansen, all other matters of which judicial notice may be taken, the papers on file in this case, any oral argument that may be heard by the Court, and any other matters that the Court may properly consider.

Dated: October 11, 2017

GIBSON, DUNN & CRUTCHER LLP

By:  */s/ Kristin A. Linsley*
Kristin A. Linsley

Attorneys for Defendant
FACEBOOK INC.

## TABLE OF CONTENTS

Page

I.      INTRODUCTION ............................................................................. 1

II.     BACKGROUND ............................................................................. 3

        A.      Plaintiff's Lawsuits Against Facebook ....................................... 3

        B.      Plaintiff's Additional Frivolous Litigation ................................. 8

III.    LEGAL STANDARD ..................................................................... 11

IV.     ARGUMENT.................................................................................. 12

        A.      This Motion Provides Plaintiff with Notice and an Opportunity to Respond .................................................................. 12

        B.      Facebook Has Provided an Adequate Record for Review....................... 13

        C.      Plaintiff's Litigation Conduct Is Vexatious ............................... 13

        D.      The Proposed Order Is Narrowly and Appropriately Tailored ............... 17

        E.      The Court Should Require Plaintiff to Post Security............................. 18

V.      CONCLUSION .............................................................................. 19

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adam Bros. Farming, Inc. v. Cnty. of Santa Barbara*,
   604 F.3d 1142 (9th Cir. 2010) ...................................................................... 14

*Brown v. Felsen*,
   442 U.S. 127 (1979) ............................................................................... 1, 14

*De Long v. Hennessey*,
   912 F.2d 1144 (9th Cir. 1990) ........................................................... 11, 13, 15

*Hambolu v. Fortress Inv. Grp.*,
   2017 WL 1833265 (N.D. Cal. May 8, 2017) .................................................. 14

*Havensight Capital, LLC v. Facebook Inc.*,
   2015 WL 3948380 (C.D. Cal. June 29, 2015) ........................................ 2, 4, 8, 10, 15

*Havensight Capital, LLC v. Facebook Inc.*,
   2015 WL 12766168 (C.D. Cal. July 21, 2015) ......................................... 2, 5, 15

*Havensight Capital LLC v. Facebook, Inc.*,
   2017 WL 1507491 (Cal. Ct. App. Apr. 27, 2017) ..................................... 2, 6, 14

*Havensight Capital LLC v. Nike, Inc.*,
   2015 WL 993334 (C.D. Cal. Feb. 18, 2015) .................................................. 16

*Havensight Capital LLC v. Nike, Inc.*,
   2015 WL 3544111 (C.D. Cal. Apr. 22, 2015) ..................................... 3, 10, 16, 18

*Molski v. Evergreen Dynasty Corp.*,
   500 F.3d 1047 (9th Cir. 2007) ....................................... 11, 12, 13, 17, 18

*Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*,
   210 F.3d 1112 (9th Cir. 2000) ...................................................................... 13

*Schafler v. HSBC Bank USA*,
   310 F. App'x 181 (9th Cir. 2009) ................................................................. 14

*Thomas v. Bank of Am., N.A.*,
   2014 WL 1404493 (C.D. Cal. Apr. 10, 2014) .............................................. 14

*Weissman v. Quail Lodge Inc.*,
   179 F.3d 1194 (9th Cir. 1999) ...................................................................... 11

**Statutes**

28 U.S.C. § 1738 ................................................................................................. 14

28 U.S.C. § 1927 ................................................................................................. 19

Cal. Code Civ. P. § 391(b)(2) ............................................................................ 14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Page(s)

**Local Rules**

C.D. Cal. L.R. 7-9 ............................................................................................ 12

C.D. Cal. L.R. 83-8.1 ....................................................................................... 11

C.D. Cal. L.R. 83-8.2 ........................................................................ 12, 17, 18

C.D. Cal. L.R. 83-8.3 ........................................................................ 11, 17, 18

C.D. Cal. L.R. 83-8.4 ....................................................................................... 14

Gibson, Dunn &
Crutcher LLP

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Over the past two-and-a-half years, Plaintiff Havensight Capital LLC has filed three virtually identical lawsuits against Facebook, each time claiming hundreds of millions of dollars of damages for the purchase of the same seven online advertisements. After initially filing in federal court despite the absence of any basis for subject matter jurisdiction, Plaintiff then filed essentially the same complaint in California Superior Court, and its claims—virtually identical to those alleged yet again in the present action—were deemed without merit on Facebook's demurrer, and judgment was entered against Plaintiff by the Superior Court and affirmed on appeal.  The present action was filed on the heels of the final chapter of the California state court—the denial of review by the California Supreme Court.  Plaintiff already has a dubious record in this District, where multiple judges have condemned its propensity to file meritless litigation—including an order finding Plaintiff to be a vexatious litigant in actions against Nike, Inc., two orders sanctioning Plaintiff's principal, manager, and counsel of record Mr. Benjamin Woodhouse (who also is involved in the present case), and referring Mr. Woodhouse to the California State Bar.  In light of this history, and facing the latest episode in Plaintiff's continuing abuse of the judicial process, Facebook now seeks this Court's protection from further frivolous and harassing litigation.

Everything about Plaintiff's current action is vexatious.  It is the third time Plaintiff has tried to sue Facebook based on the same unmoored and meritless allegations.  The fact that the second case was fully resolved through a judgment on the merits is itself sufficient to make Plaintiff's third such action vexatious.  *See Brown v. Felsen*, 442 U.S. 127, 131 (1979) ("Res judicata … bars vexatious litigation.").  Worse yet, the prior case was dismissed with prejudice because Plaintiff's claims lacked merit on their face.  This action is doubly vexatious because it frivolously seeks to relitigate what was already a frivolous case.

Even apart from the effect of the prior judgment, Plaintiff's actions against Facebook have involved a consistent pattern of abusive and harassing motion practice. In the first action, this Court stated that if it were not dismissing the action for lack of subject matter jurisdiction, it "would have issued an order to show cause to Havensight as to why it should not be declared a vexatious litigant in this case." *Havensight Capital, LLC v. Facebook Inc.*, 2015 WL 3948380, at *1 n.2 (C.D. Cal. June 29, 2015) (Olguin, J.) ("*Havensight I*") (dismissal order).  As the Court may recall, that warning was prompted by Plaintiff's flurry of motions—including motions to disqualify the Court, to reopen the case, and to enter "default" against Facebook—all of which were "frivolous and [did] nothing more than waste the time and resources of the court and the parties." *Id.* at *5.  Yet Plaintiff was "[u]ndaunted" and continued to file meritless motions, causing the Court to reiterate its vexatious litigant warning and state:  "The court will not consider any further filings—including any additional motions for reconsideration— in this action unless they relate to plaintiff's ability to appeal the court's decision." *Havensight I*, 2015 WL 12766168, at *6 (C.D. Cal. July 21, 2015) (order denying reconsideration).

When Plaintiff filed its same complaint in state court, the California Superior Court sustained Facebook's demurrer to two versions of the complaint—first with leave to amend and then without leave—and entered a final judgment finding against Plaintiff on all claims.  Plaintiff appealed, and the Court of Appeal affirmed the judgment in all respects and denied reconsideration.  Plaintiff then unsuccessfully sought review in the California Supreme Court.  In short, each judge at every tier of the state court system ruled against Plaintiff.  *E.g.*, *Havensight Capital LLC v. Facebook, Inc.*, 2017 WL 1507491, at *2 (Cal. Ct. App. Apr. 27, 2017) ("*Havensight II*").  As the Court of Appeal described Plaintiff's actions in pursuing its unsuccessful appeal, Plaintiff's approach involved "a series of collateral attacks on the trial court's order" that were "poorly briefed and [did] not affect the merits of the court's ruling." *Id.*

Plaintiff's serial litigation against Facebook is part of a consistent pattern of vexatious litigation in which Plaintiff and its principal, Mr. Woodhouse, have engaged in this District.  In actions filed against Nike, Inc., the Court found that Plaintiff had "filed baseless motion after baseless motion."  *Havensight Capital LLC v. Nike, Inc.*, 2015 WL 3544111, at *5 (C.D. Cal. Apr. 22, 2015).  The "frivolous and harassing nature of Plaintiff's actions" was "clear," yet "Plaintiff show[ed] no signs of ceasing its harassment of Nike."  *Id*.  Even after the actions were dismissed, Plaintiff received "several warnings from this Court," and Mr. Woodhouse was sanctioned.  *Id*.  The Court declared Plaintiff to be a vexatious litigant vis à vis Nike because "[i]t appear[ed] that nothing short of a pre-filing condition [would] stop Plaintiff's frivolous filings."  *Id*.

It appears that Plaintiff and Mr. Woodhouse have not learned any lessons from that prior experience, as they have engaged in the same pattern of harassing and frivolous litigation in their actions against Facebook.  Facebook respectfully requests that the Court declare Plaintiff to be a vexatious litigant, enter a pre-filing order requiring Plaintiff to seek written authorization before suing Facebook yet again, and require Plaintiff to deposit $5,000 with the Court to secure the payment of any costs or sanctions.

## II.   BACKGROUND

Plaintiff has a long history of vexatious litigation in this Court, both against Facebook and against other defendants.

### A.   Plaintiff's Lawsuits Against Facebook

***Havensight I***:  Plaintiff first its first action against Facebook in May 2015 in this Court, alleging that it purchased seven advertisements under "pay-per-click" advertising contracts with Facebook between November 11, 2013 and May 24, 2015 and that Facebook overcharged Plaintiff for these advertisements by allegedly "inflating" the number of clicks for which it charged Plaintiff.  Plaintiff supported its "inflation" theory with screenshots purporting to compare Facebook's report of the number of "clicks" for certain of these advertisements with reports by a separate web trafficking tool, Google Analytics, and allegedly showing a discrepancy between the two sets of reports.  *See*

Decl. of Joseph C. Hansen in Support of Request for Judicial Notice in Support of Vexatious Litigant Motion, Ex. A (ECF No. 2, No. 15-CV-03758).[1]  The complaint asserted, without any plausible basis or support, that Facebook's actions in allegedly overcharging Plaintiff for these advertisements caused Plaintiff to lose potential business with existing and prospective customers, and also to lose anticipated funding from venture capital firms.  *Id.*  Plaintiff alleged causes of action for (1) intentional interference with prospective economic relations; (2) intentional interference with contractual relations; (3) unfair competition and trade practices; (4) negligence; and (5) vertical and horizontal price fixing.  *Id.*

The *Havensight I* complaint was essentially identical to the instant Complaint, except it did not plead a RICO cause of action.  As this Court may recall, after issuing two Orders to Show Cause why the case should not be dismissed for lack of diversity jurisdiction, and upon Facebook's subsequent motion to dismiss on that basis, this Court dismissed the case for lack of subject matter jurisdiction after finding that Plaintiff's principal, Mr. Woodhouse, despite representing himself as a citizen of the Virgin Islands, was in fact a citizen of California.  *Havensight I*, 2015 WL 3948380; *see* Ex. C. In reaching that conclusion, this Court expressed "judicial skepticism" with respect to Plaintiff's declarations, which were belied by the actual evidence.  *Id.* at *7.  Notably, in its current Complaint, Plaintiff not only continues to represent that it "is a citizen of the U.S.V.I.", but also misrepresents this Court's prior holding—incorrectly asserting that this Court "determined that, the Plaintiff … was a dual citizen of California." Compl. at 2.

Over the course of the short-lived *Havensight I* action, the Court expressed concern over the large volume of filings by Plaintiff that lacked a "reasonable basis." *Havensight I*, 2015 WL 3948380, at *3 n.4.  For example, Plaintiff submitted "ten filings over a six-day period," seeking default judgment against Facebook based on meritless

---

[1]  Unless otherwise noted, all exhibit citations refer to the exhibits attached to the Hansen Declaration in Support of the Request for Judicial Notice in Support of Vexatious Litigant Motion.

Gibson, Dunn & Crutcher LLP

assertions of fraud regarding Facebook's citizenship, as well as unsupported assertions that Facebook's motion to dismiss was untimely. All of these filings were denied or stricken as having "no reasonable basis." *Havensight I*, 2015 WL 12766168, at *2; *see* Ex. E.

Undeterred, Plaintiff persisted in filing motions for default judgment and also filed papers seeking to reassign the case to another judge. *E.g.*, Ex. B (ECF No. 49, No. 15-CV-03758) ("Amended Plaintiff's Ex Parte Application to Re-Open, Re-Assign Case, and Default Defendant"). A signature feature of these motions was the inclusion of wild and fantastical accusations in support of a request that the Court "default" Facebook—such as unfounded claims that a lawyer representing Facebook was involved in a relationship with a court clerk because Plaintiff's counsel claimed to have seen the court clerk in the same building as the associate. *Id.* at 5-6. Judge O'Connell denied the motion to disqualify this Court because Plaintiff "failed to provide any evidence or even factual allegations" to support its request. Ex. D (ECF No. 57).

In addressing Plaintiff's conduct, this Court twice stated that if it were not dismissing the case for lack of subject matter jurisdiction, it "would have issued an order to show cause to Havensight as to why it should not be declared a vexatious litigant in this case," noting that Havensight remained "[u]ndaunted" in continuing to file papers with the Court. 2015 WL 12766168, at *2, n.2, 5. In its conclusion denying Plaintiff's motion for reconsideration, the Court was explicit: "The court will not consider any further filings—including any additional motions for reconsideration—in this action unless they relate to plaintiff's ability to appeal the court's decision. Any further filings in this action that do not relate to plaintiff's ability to appeal the court's decision will be stricken on the ground that the case is now closed." *Id.* at *6.

*Havensight II*: Plaintiff then filed essentially the same claim against Facebook in California Superior Court. The *Havensight II* complaint was based on the same seven advertisements and the same theories of wrongdoing and legal causes of action as in *Havensight I* (and as in the instant Complaint, except for the new RICO count). In state

court, after full briefing and a hearing, the Superior Court (Judge Joseph C. Scott) sustained Facebook's demurrer in its entirety on the ground that Plaintiff had not properly pled any causes of action.  The court provided a detailed explanation for its ruling as to each cause of action, and allowed Plaintiff leave to amend.  Ex. F.  Plaintiff responded with an amended complaint adding new allegations relating to claimed conflicts of interest on the part of counsel, and introducing new materials about matters unrelated to its advertising transactions with Facebook—but not materially changing the substantive allegations of the complaint.  Facebook demurred to the amended complaint, and after full briefing and another hearing, the Superior Court (Judge Donald J. Ayoob) sustained Facebook's demurrer, this time without leave to amend, on the ground that Plaintiff still failed to plead any causes of action.  Ex. G.  After Plaintiff filed a motion for a "new trial" and "to correct clerical error," the Superior Court held yet another hearing, construed Plaintiff's motion as one for reconsideration, and denied the motion. *See Havensight II*, 2017 WL 1507491, at *2.  The court then entered a final judgment against Plaintiff.  Ex. H.

Plaintiff appealed, and in April 2017, after full briefing and oral argument, the California Court of Appeal affirmed the judgment.  *Havensight II*, 2017 WL 1507491.  The court observed that Plaintiff had "effectively forfeited any challenge as to the merits of the trial court's order by failing to raise any substantive arguments in its opening brief." *Id.* at *1.  Instead, the court noted, Plaintiff "devotes its opening brief to a series of collateral attacks on the trial court's order," but "[t]hese attacks are poorly briefed and do not affect the merits of the court's ruling on the demurrer, which is the only ruling at issue in this appeal." *Id.* at *2.  Four days later, Plaintiff filed a petition for rehearing, which the Court of Appeal denied.  Plaintiff petitioned the California Supreme Court for review, and that Court denied the petition on July 12, 2017.  *See* Cal. S. Ct. Case No. S241716.

As this summary makes clear, not only have Plaintiff's filings consistently been found to be without merit, but its claims were fully and thoroughly adjudicated on their

merits in state court.   For the convenience of the Court, Facebook is attaching an Appendix, which compiles the papers Plaintiff filed in *Havensight I* and *Havensight II*.

***Havensight III***:  Despite the proceedings and judgment in the state court action, Plaintiff now has filed a materially identical complaint once again.   All of Plaintiff's claims, including the newly added federal RICO claim, rest upon the same underlying transactions, factual allegations, theories of wrongdoing, and claimed injury.   As detailed in Facebook's concurrently filed Motion to Dismiss, the complaint is barred by res judicata, collateral estoppel, and the statute of limitations, and still fails to state any viable claims.  Five of the six causes of action repeat the same theories that the California courts already conclusively determined on the merits fail to state a cognizable cause of action.   And the RICO claim is also barred by res judicata, in addition to being independently flawed for a number of reasons.

***Plaintiff's Pattern of Harassing Settlement Demands***:  Over the course of all three of Plaintiff's cases against Facebook, Plaintiff's principal, manager, and counsel, Benjamin J. Woodhouse, has emailed and called Facebook's counsel dozens of times, often threatening "default" and demanding wildly varying settlement amounts (usually in the tens or hundreds of millions of dollars) supported by bizarre factual and legal assertions.  *See* Decl. of Kristin A. Linsley in Support of Vexatious Litigant Mot. ¶¶ 2-4.   In 2017 alone, Plaintiff made 17 separate settlement demands, most seeking somewhere between $150 million and $250 million, and nearly all based on some prediction of dire consequences that would befall Facebook should it decline the offers, such as a multibillion-dollar default, or a drastic negative impact on the company's public image or stock price.  *Id.*  Plaintiff also frequently leveled spurious accusations against the courts that have ruled against it—as in the following example, which Plaintiff's counsel emailed to Facebook's counsel after its then-recent defeat when the California Court of Appeal affirmed the Superior Court's judgment in full:

> Congratulations on your victory.  This victory comes in the wake of Facebook counsel being conflicted, and despite setting the record.

> We will likely file a Notice of Appeal in the California Supreme Court. We may however also choose to relinquish our right to recovery, and refer this matter effective immediately to a National Security Court, to determine how and why our government, which is a democracy, has lost both the Appellate and San Mateo Court, due to alleged, prostitution, bribery, and tampering of Judicial officials by an almost Trillion dollar company.

Linsley Decl., Ex. A.  This type of assertion—which resemble those made by Plaintiff and Mr. Woodhouse on a regular basis—further illustrates the meritless and harassing nature of Plaintiff's litigation tactics.

**B.    Plaintiff's Additional Frivolous Litigation**

Plaintiff's successive actions against Facebook are part of a pattern of harassing litigation brought by Plaintiff in this District against other defendants, including Nike, Google, Coca-Cola, and the People's Republic of China.  *See* Case Nos. 15-CV-05297, 15-CV-03758, 15-CV-01206, 14-CV-09130, 14-CV-08985, 14-CV-07153, 14-CV-06515, 14-CV-06517, 14-CV-06467, and 14-CV-06466.  That litigation has *all* been meritless—all of the cases have been dismissed sua sponte or on motion.  *See Havensight I*, 2015 WL 3948380, at *1 n.2 (describing prior cases); *see also* Exs. S-BB (attaching complete dockets for each case).

In one such case, filed after *Havensight I*, Plaintiff sued Google in this District, alleging the exact *opposite* of its allegations against Facebook in this case.  *See Havensight Capital LLC v. Google, Inc.*, No. 15-CV-05297 (C.D. Cal. July 15, 2015). Remarkably, in the Google case, Plaintiff complained about the exact same seven Facebook advertisements that continue to form the basis for its claims against Facebook, based on the exact same screenshots purporting to show a discrepancy between the number of clicks reported by Facebook and the number of website visits and other metrics reported by Google.  The only difference is that, with Google, Plaintiff alleged that this discrepancy meant that Google fraudulently *under*-reported the number of website visits for Plaintiff's advertisements—the flipside of its allegation here that Facebook *over*-reported the number of clicks.  Ex. I (ECF No. 1, No. 15-CV-05297). Like *Havensight I¸* the *Google* case was dismissed for lack of diversity of citizenship.

Gibson, Dunn & Crutcher LLP

8

Ex. J (ECF No. 31).  In response to frivolous applications for default judgment and to reassign the case to another judge, Judge Gutierrez warned Plaintiff:  "The Court now provides a second and last warning to Plaintiff and its counsel that misuse of *ex parte* applications will be sanctioned."  Ex. K (ECF No. 35).

In its two lawsuits against Nike, Plaintiff alleged that Nike was interfering with Plaintiff's efforts to sell soccer balls, and sought nearly $400 million in damages.  Ex. L (ECF No. 1, No. 14-CV-08985).  Plaintiff filed a continuous series of frivolous motions (including multiple motions to recuse judges in this District).  The history of those cases is too lengthy to recount in full here, but among other things, led to the following colloquy with Judge Wright:

> THE COURT: Due process requires that you be given a fair opportunity—that you were facing sanctions and an opportunity to defend yourself.  I'm giving you notice. I'm giving you notice that the Court will consider considerable sanctions, okay?  You do this again—
>
> MR. WOODHOUSE: Yes, sir.  Understood, sir.
>
> THE COURT:—and trust me on this, okay?
>
> MR. WOODHOUSE: Yes, your Honor.  Understood.
>
> THE COURT: I considered now Judge Real has told you.
>
> MR. WOODHOUSE: Yes, your Honor.
>
> THE COURT: I thought that, you know, implicit in my first order that you would be warned off.  Mr. Mulloy has requested sanctions during the course of this hearing.  I don't deem that to be sufficient notice.  I'm telling you now.
>
> MR. WOODHOUSE: Yes, your Honor. Understood, your Honor.
>
> THE COURT: You file another repetitious motion, and—in fact, I'm going to give you this as well:  I'm going to report you to the State Bar.
>
> MR. WOODHOUSE: Yes, your Honor.  Understood, your Honor.

THE COURT: A lot of this conduct is reprehensible—

MR. WOODHOUSE: Yes, your Honor—

THE COURT:—threatening a litigant during the course of litigation in order to coerce a settlement based upon lies—yes, lies—that you had received a default judgment for several hundred million dollars, okay?  Your ticket is going to be in jeopardy.

MR. WOODHOUSE: Yes, your Honor. Understood, your Honor.

*Nike*, 2015 WL 3544111, at *1-2; *see* Ex. N.

Even after this formal and pointed reprimand from Judge Wright, Plaintiff persisted in the same harassing conduct, including filing further baseless motions.  *Nike*, 2015 WL 3544111, at *2.  In light of Plaintiff's continued filings following Judge Wright's warnings, Judge Real declared Plaintiff to be a vexatious litigant, twice sanctioned Plaintiff's principal, manager, and counsel, Mr. Woodhouse, and referred Mr. Woodhouse to the California State Bar.  *Id.*; *see* Ex. O (ECF No. 150, No. 14-CV-08985) (referral); *see also Havensight I*, 2015 WL 3948380, at *2 n.3 (describing the *Nike* cases).

Plaintiff received a similar warning in its action against the People's Republic of China, where the complaint contained a series of bizarre allegations that (among other things) a Chinese vendor did not send Plaintiff the correct number of soccer shoes that Plaintiff had tried to purchase; China was wire-tapping Plaintiff; China and Nike were engaged in a conspiracy against Plaintiff; and the Chinese government paid Nike money to "torture the Plaintiff's manager."  Ex. Q (ECF No. 1, No. 15-CV-01206).  Judge Pregerson dismissed the case for lack of jurisdiction and improper venue, yet Plaintiff continued to file repetitive ex parte applications for default judgment, even filing one "[l]ess than an hour after the denial of" an earlier one.  Ex. R (ECF No. 36).  Judge Pregerson recused himself when his Courtroom Deputy described Plaintiff's counsel, Mr. Woodhouse, as "crazy," and then Judge Kronstadt denied Plaintiff's serial filings, ultimately warning Plaintiff:  "Plaintiff and its counsel are directed to be mindful of these

prior rulings [regarding sanctions and vexatious litigation in *Nike*] and to conduct themselves in this matter in an appropriate manner.  Should either or both fail to do so, for example, by filing repetitive and frivolous motions and applications in this closed matter, sanctions may be imposed." *Id.*

## III.   LEGAL STANDARD

"The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing *Weissman v. Quail Lodge Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999)).

A district court must examine four factors—sometimes called the "*De Long* factors" based on *De Long v. Hennessey*, 912 F.2d 1144, 1147-48 (9th Cir. 1990)— before declaring a party to be a vexatious litigant and entering a "pre-filing order" requiring a plaintiff to seek leave of court prior to instituting a lawsuit:

> First, the litigant must be given notice and a chance to be heard before the order is entered.  Second, the district court must compile 'an adequate record for review.'  Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation.  Finally, the vexatious litigant order 'must be narrowly tailored to closely fit the specific vice encountered.'

*Molski*, 500 F.3d at 1057 (quoting *De Long*, 912 F.2d at 1147-48).

Local Rule 83-8 "augment[s] the inherent power of the Court to control vexatious litigant," stating:  "It is the policy of the Court to discourage vexatious litigation and to provide persons who are subjected to vexatious litigation with security against the costs of defending against such litigation and appropriate orders to control such litigation."  L.R. 83-8.1.  The rule provides that a vexatious litigant order "shall be based on a finding that the litigant to whom the order is issued has abused the Court's process and is likely to continue such abuse, unless protective measures are taken." L.R. 83-8.3.  It authorizes the Court to make "orders as are appropriate to control the conduct of a vexatious litigant," including, without limitation, "a directive to the Clerk not to accept further filings from the litigant … without written authorization from a judge of the Court or a

Gibson, Dunn & Crutcher LLP

Magistrate Judge, issued upon such showing of the evidence supporting the claim as the judge may require." L.R. 83-8.2. The Court may "order a party to give security in such amount as the Court determines to be appropriate to secure the payment of any costs, sanctions or other amounts which may be awarded against a vexatious litigant." *Id.*

## IV.   ARGUMENT

Plaintiff's continuous pattern of frivolous and harassing litigation against Facebook satisfies the four *De Long* factors, as shown specifically below. In light of Plaintiff's abuse of the court system, this Court should declare Plaintiff to be a vexatious litigant and enter a pre-filing order requiring Plaintiff to seek authorization from the Court prior to suing Facebook again based on any allegation related to online advertisements, unfair business practices, anticompetitive conduct, fraud, tortious conduct, negligence, or racketeering. The Court also should order Plaintiff to provide security in the amount of $5,000 to "secure the payment of any costs, sanctions or other amounts which may be awarded." L.R. 83-8.2.

### A.   This Motion Provides Plaintiff with Notice and an Opportunity to Respond

Under the first *De Long* factor, a plaintiff must be "given notice and an opportunity to be heard before the district court" enters a vexatious litigant order. *Molski*, 500 F.3d at 1058. The filing and service of this noticed motion satisfies the notice requirement. *See Molski*, 500 F.3d at 1058 ("In this case, [plaintiff] had fair notice … because the district court's order was prompted by a motion filed by the defendants and served on [plaintiff's] counsel."); *see also* L.R. 83-8.2 ("on motion of a party"). Plaintiff also is generally on notice of the frivolousness of its litigation tactics, given this Court's prior warnings in *Havensight I*, the Court's order declaring it to be a vexatious litigant against Nike, and similar warnings in other cases in this District.

Plaintiff also must receive an "opportunity to be heard." L.R. 83-8.2; *see Molski*, 500 F.3d at 1058. Plaintiff will have this opportunity in any opposition brief it chooses to file. *See* L.R. 7-9. This Court, in its discretion, also may hold a hearing on the motion. *See Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir.

2000) ("an opportunity to be heard does not require an oral or evidentiary hearing on the issue"; instead "[t]he opportunity to brief the issue fully satisfies due process requirements").  Either way, this factor will be satisfied.  *See Molski*, 500 F.3d at 1059.

## B.   Facebook Has Provided an Adequate Record for Review

Under the second *De Long* factor, the Court must create "an adequate record for review," including "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed."  *Molski*, 500 F.3d at 1059 (quoting *De Long*, 912 F.2d at 1147).

Facebook has provided this Court with a listing of the relevant cases and motions, which are summarized in the Background section above and included in an Appendix to this Motion.  The documentation contained in the Appendix constitutes an adequate record for review, and Facebook suggests that it be incorporated into, or detailed in, any vexatious litigant order.  In *Molski*, for example, it was enough that the "district court's decision entering the pre-filing order … outline[d] and discuss[ed] many of" the cases underlying the vexatious litigant determination, even though the district court "did not list every case."  500 F.3d at 1059.  Facebook's concurrently filed Proposed Order follows this guidance.

## C.   Plaintiff's Litigation Conduct Is Vexatious

The third factor "gets to the heart of the vexatious litigant analysis."  *Molski*, 500 F.3d at 1059.  The district court must make "substantive findings as to the frivolous or harassing nature of the litigant's actions."  *De Long*, 912 F.2d at 1148 (citation and quotation omitted).  "To decide whether the litigant's actions are frivolous or harassing, the district court must look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims."  *Molski*, 500 F.3d at 1059 (citations and quotations omitted).  "The plaintiff's claims must not only be numerous, but also be patently without merit."  *Id.*  Here, there can be little doubt that Plaintiff's actions against Facebook are frivolous, meritless, and harassing.

***First***, Plaintiff's current lawsuit is a transparent attempt to relitigate a case that Plaintiff already lost. Plaintiff fully litigated this case in the California Superior Court, where the case reached a final judgment on the merits that was affirmed in full by the California Court of Appeal. *See Havensight II*, 2017 WL 1507491. There is nothing materially new in the instant lawsuit, which relies on the same underlying transactions, the same factual allegations, the same claimed wrongdoing, and the same alleged injury: Both actions are premised upon the same purchase of the same seven advertisements alongside the same allegations of over-reporting and over-charging, and supported by the same screenshots comparing Facebook's reporting with that of Google Analytics. Thus, as detailed in Facebook's concurrently filed Motion to Dismiss, the full faith and credit statute (28 U.S.C. § 1738), res judicata, and collateral estoppel clearly bar Plaintiff's attempt to relitigate this case in federal court. *See, e.g.*, Adam *Bros. Farming, Inc. v. Cnty. of Santa Barbara*, 604 F.3d 1142, 1149 (9th Cir. 2010).

As the Ninth Circuit has made clear, seeking to relitigate the same case is vexatious conduct in and of itself. *See, e.g.*, *Schafler v. HSBC Bank USA*, 310 F. App'x 181 (9th Cir. 2009) (upholding vexatious litigant order for case dismissed on res judicata grounds); *accord Thomas v. Bank of Am., N.A.*, 2014 WL 1404493, at *4 (C.D. Cal. Apr. 10, 2014) (dismissing case on res judicata ground that it was previously litigated in state court, and simultaneously entering vexatious litigant order). After all, one of the central purposes of res judicata is to "bar[] vexatious litigation." *Brown*, 442 U.S. at 131.[2]

Compounding the vexatiousness of refiling the same case, the prior case itself was not a close call, but was entirely meritless. Every judge to consider the state court lawsuit—two different judges in the Superior Court and three more in the Court of Appeal—agreed that Plaintiff's allegations failed to state any cause of action, and seven

---

[2] *See also* Cal. Code Civ. P. § 391(b)(2) (defining a "[v]exatious litigant" to include someone who, in propia persona, "attempts to relitigate … either  (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined"); L.R. 83-8.4 (identifying the California statute as helpful to the inquiry).

additional justices in the California Supreme Court denied review.  Thus, more than seeking to relitigate an ordinary prior case that resulted in an adverse judgment—an action that in and of itself is vexatious—Plaintiff seeks to relitigate a prior *meritless* case. Its attempt to do so is doubly vexatious.  *See, e.g.*, *Hambolu v. Fortress Inv. Grp.*, 2017 WL 1833265, at *4 (N.D. Cal. May 8, 2017) ("Because [plaintiff] is bringing the same factual case again and again, in spite of repeated dismissals by a court, [it] is filing not only duplicative lawsuits but also, necessarily, frivolous and harassing ones.") (collecting cases and entering vexatious litigant order).

***Second***, this Court previously warned Plaintiff on two separate occasions that, were the Court not dismissing *Havensight I* for lack of subject matter jurisdiction, it would have issued an order to show cause why Plaintiff should not be declared a vexatious litigant.  *Havensight I*, 2015 WL 3948380, at *1 n.2; *Havensight I*, 2015 WL 12766168, at *2.  Yet, even then, Plaintiff was "[u]ndaunted" by the warnings and continued to file meritless motions.  *Havensight I*, 2015 WL 12766168, at *2 n.2. Plaintiff has remained undaunted in the intervening two years, with its vexatious conduct now culminating in the filing of this new and duplicative action.  Plaintiff was already expressly on notice that the Court viewed its litigation tactics as vexatious, yet persisted in filing frivolous actions.

***Third***, Plaintiff's conduct throughout these cases has been vexatious.  The motions and actions that Plaintiff filed in connection with its allegations against Facebook were consistently found to be meritless.  As detailed in the Appendix, in *Havensight I* and *Havensight II*, Plaintiff filed seventeen motions against Facebook (including applications, "requests," and multiple motions to disqualify judges and opposing counsel) and every one was denied, either as procedurally improper or substantively unsupported.  Frivolous filings of this type are the distinctive signature of vexatious litigation, and Plaintiff's litigation practices are no exception.  *See De Long*, 912 F.2d at 1148.

Even beyond its frivolous filings, Plaintiff has engaged in wildly inflated demands for hundreds of millions of dollars in damages for claimed overcharges on seven online advertisements, where its own allegations and attachments, even accepted as true, would substantiate only about $67 in claimed overpayments.   Compl. at 65, ECF No.1 ("Havensight Capital seeks $490.61 million in compensatory damages…").[3]   Plaintiff's wildly inflated damages demand is unsupported by any good-faith belief, and speaks for itself regarding the purely harassing nature of these lawsuits.   And Plaintiff's counsel's stream of communications to Facebook's counsel further reveal the lack of merit underlying these lawsuits.   Accusations that the Court of Appeal affirmed the Superior Court "due to alleged, prostitution, bribery, and tampering of Judicial officials by an almost Trillion dollar company" (Linsley Decl., Ex. A) lack any basis in facts or reality.

**Fourth**, Plaintiff is fully aware of the risk of being declared a vexatious litigant as a result of frivolous and harassing litigation, as well as the standards for such a determination.   The Court in *Nike* previously declared Plaintiff to be a vexatious litigant in its litigation against Nike.   *Nike*, 2015 WL 3544111, at *6.   In its two lawsuits against Nike, Plaintiff repeatedly made wild and unfounded allegations (as it does in this case), and sought to plead legal causes of action nearly identical to those pled here.   *See Nike*, 2015 WL 993334 (C.D. Cal. Feb. 18, 2015) (dismissal order); *see* Ex. M.   The Court dismissed both Nike actions with prejudice, yet before and after dismissal Plaintiff "filed baseless motion after baseless motion," culminating in a vexatious litigant order entered by Judge Real after an in-person, lengthy, and on-the-record warning from Judge Wright.   *Nike*, 2015 WL 3544111, at *6.

**Fifth**, Plaintiff's pattern and practice of pursuing meritless litigation demonstrates a consistent abuse of the courts.   Plaintiff has filed nearly a dozen lawsuits in the past

---

[3]   Plaintiff provides only two examples where Facebook supposedly "inflated" its count of clicks on Plaintiff's advertisements:  "378 visits, vs., 342 visits" and "819 visits, vs., the 645 visits."  Compl. at 13.  Plaintiff claims it paid $0.67 per click for the first set of numbers, and $0.25 per click for the second set of numbers.  *Id.* at 14. Accepting all of those numbers, Plaintiff would have paid $24.12 extra for the supposedly over-reported 378 visits (36 extra clicks multiplied by $0.67) and $43.50 for the supposedly over-reported 819 clicks (174 extra clicks multiplied by $0.25).

Gibson, Dunn & Crutcher LLP

few years in this District —including the actions against Facebook, Nike, Google, and the People's Republic of China described above—yet all of those cases have been patently meritless and dismissed on the merits or for lack of jurisdiction. *See* Exs. S-BB (dockets for Case Nos. 15-CV-05297, 15-CV-03758, 15-CV-01206, 14-CV-09130, 14-CV-08985, 14-CV-07153, 14-CV-06515, 14-CV-06517, 14-CV-06467, and 14-CV-06466). In the course of these actions, Plaintiff persistently filed meritless motions even after dismissal orders, including motions to disqualify, motions for default judgments, and motions for reconsideration. *See generally supra* Section II.B. There is no ambiguity or ground for reasonable disagreement in this record—Plaintiff has displayed a consistent pattern of meritless filings, despite warnings and sanctions by multiple judges in this District.

## D.   The Proposed Order Is Narrowly and Appropriately Tailored

Under the fourth *De Long* factor, a vexatious litigant order imposing a pre-filing requirement "must be narrowly tailored to the vexatious litigant's wrongful behavior." *Molski*, 500 F.3d at 1061. Local Rule 83-8 requires the Court to find "that the litigant to whom the order is issued has abused the Court's process and is likely to continue such abuse, unless protective measures are taken." L.R. 83-8.3.

The Proposed Order here is appropriately tailored. It does not seek to prevent Plaintiff from filing *any* lawsuit without a showing of good cause, as such an order normally would be overbroad. *See Molski*, 500 F.3d at 1061 (citing cases). Instead, it asks the Court to prohibit Plaintiff from filing any lawsuit against Facebook in this District based on any allegation related to online advertisements, unfair business practices, anticompetitive conduct, fraud, tortious conduct, negligence, or racketeering, unless Plaintiff first obtains written authorization from a Judge or Magistrate Judge of the Court. *See* L.R. 83-8.2 ("Such orders may include, without limitation, a directive to the Clerk not to accept further filings from the litigant … without written authorization from a judge of the Court or a Magistrate Judge, issued upon such showing of the evidence supporting the claim as the judge may require.").

This proposed relief parallels the pre-filing order the Ninth Circuit upheld as sufficiently tailored in *Molski*, where the district court prohibited the plaintiff from filing further ADA claims in this District without leave of court.  *Molski*, 500 F.3d at 1061 (noting that the order "appropriately covers only the type of claims [plaintiff] had been filing vexatiously—ADA claims" and was "narrowly tailored because it will not deny [plaintiff] access to courts on any ADA claim that is not frivolous, yet it adds a valuable layer of protection … for the courts and those targeted by [plaintiff's] claims").  It also is similar to the vexatious litigant order entered against Plaintiff in the *Nike* cases, which order stated:  "Plaintiff will need permission from this Court prior to filing any action that arises from or relates to Havensight Capital LLC and its brand 'St. Thomas F.C.' against Nike, Inc. The Court will approve all filings that it deems to be not duplicative and not frivolous." *Nike*, 2015 WL 3544111, at *6.

An order imposing a pre-filing requirement also is necessary to protect against the likely future abuse of the judicial process. L.R. 83-8.3.  Plaintiff's protracted pattern of abuse of the judicial process makes clear that judicial admonishments have no effect. Plaintiff "is likely to continue such abuse, unless protective measures are taken."  L.R. 83-8.3.  As Judge Real explained in *Nike*:  "It appears that nothing short of a pre-filing condition will stop Plaintiff's frivolous filings.  Such relief is warranted given Plaintiff's history of numerous frivolous filings despite several warnings from this Court."  2015 WL 3544111, at *5.

## E.   The Court Should Require Plaintiff to Post Security

Finally, Facebook requests that the Court order Plaintiff to deposit with the Court a sum of $5,000, or such other amount as the Court deems appropriate, "to secure the payment of any costs, sanctions or other amounts which may be awarded against a vexatious litigant."  L.R. 83-8.2.  The Local Rules expressly contemplate such an undertaking as a protective measure against vexatious litigation.  Requiring security is a reasonable measure to deter Plaintiff from filing further baseless motions in this case, and serves a purpose independent of a pre-filing order:  Whereas a pre-filing order

operates to prevent *future* meritless lawsuits, requiring security protects against current and future vexatious filings in *this* case.  Facebook has already served a Rule 11 letter and motion on Plaintiff's counsel, requesting that Plaintiff withdraw its Complaint. Should Plaintiff persist in this litigation, including the battery of frivolous motions that is its signature, Facebook will have strong legal arguments to recover costs and seek sanctions under Federal Rule of Civil Procedure 11, the excessive costs statute (28 U.S.C. § 1927), and the Court's inherent sanctions power.  In light of Plaintiff's track record, $5,000 is a reasonable amount to provide Facebook with security while deterring Plaintiff from pursuing improper conduct.[4]

## V.    CONCLUSION

For the foregoing reasons, Facebook respectfully requests that the Court declare Plaintiff Havensight Capital LLC a vexatious litigant, and issue an order requiring Havensight Capital LLC to obtain written authorization from a judge of the Court or a Magistrate Judge prior to filing a lawsuit in the U.S. District Court for the Central District of California against Facebook Inc. based on any allegation related to online advertisements, unfair business practices, anticompetitive conduct, fraud, tortious conduct, negligence, or racketeering.  Facebook further requests that the Court order Plaintiff to deposit $5,000 as security with the Court.

Dated: October 11, 2017

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Kristin A. Linsley*
        Kristin A. Linsley

Attorneys for Defendant FACEBOOK INC.

---

[4] For example, in the *Nike* case, Plaintiff's counsel Mr. Woodhouse was ultimately ordered to pay Nike's attorneys' fees in the amount of $82,729.01, based on a finding that the entire case was improper. Ex. P (ECF No. 151, No. 14-CV-08985).  Notably, nothing in the record of the Nike actions indicates that this court order was ever paid or otherwise discharged.

# APPENDIX

## Plaintiff's Filings in *Havensight I* and *Havensight II*

### *Havensight I: Havensight Capital, LLC v. Facebook Inc.*
### Case No. 15-CV-03758 (C.D. Cal.)

| Date | Dkt. | Plaintiff's Filings | Disposition | Date | Dkt. | Court's Order /Notice |
|------|------|---------------------|-------------|------|------|------------------------|
| 5/19/15 | 2 | Complaint | **ORDER TO SHOW CAUSE** | 6/5/5 | 11 | Order to Show Cause re Dismissal for Lack of Jurisdiction |
| 5/22/15 | 9 | Request for Judicial Notice (CNET Article) | **STRICKEN** | 6/8/15 | 14 | Order striking Plaintiff's Requests for Judicial Notice (Dkt. 9, 12): "[T]he court admonishes Havensight that should it wish to amend its Complaint, it must do so in accordance with Rule 15 of the Federal Rules of Civil Procedure and Local Rules 15-1 to 15-3." "Havensight is advised that any future requests for judicial notice or documents that are not filed in connection with a pending motion or application shall be stricken from the record." |
| 6/5/15 | 12 | Second Request for Judicial Notice (Screenshots of Facebook Ad Manager and Google Analytics) | **STRICKEN** | 6/8/15 | 14 | See above. |
| 6/5/15 | 13 | Plaintiff's Show of Cause for Proper Subject Matter Jurisdiction Under Diversity Jurisdiction | **ORDER TO SHOW CAUSE** | 6/16/15 | 35 | Second Order to Show Cause Re Dismissal for Lack of Jurisdiction |
| 6/11/15 | 20 | Ex Parte Application for Entry of Default Judgment by Clerk, and Default Judgment by the Court and Request for Judicial Notice | **DEFICIENT** | 6/11/15 | 21 | Notice of Deficiency: The Clerk cannot enter the requested Default of Facebook because a Motion to Dismiss is on file. |
| 6/11/15 | 23 | Amended Ex Parte Application for Entry of Default Judgment and | **DEFICIENT** | 6/12/15 | 25 | Notice of Deficiency: The electronically filed document (Dkt. 23) is deficient for failure to comply with Local Rule 7-19.1 (Notice to other |

Gibson, Dunn &
Crutcher LLP

| Date | Dkt. | Plaintiff's Filings | Disposition | Date | Dkt. | Court's Order /Notice |
|------|------|---------------------|-------------|------|------|------------------------|
|  |  | Request for Judicial Notice |  |  |  | parties of ex parte application lacking). |
|  |  |  | **STRICKEN** | 6/12/15 | 27 | Order to Strike Electronically Filed Documents (Dk. 23, 26) based on Local Rule 7-19.1 Notice to other parties of Ex Parte Application lacking. |
| 6/12/15 | 26 | Plaintiff's Response and Support for its Ex Parte Application for Default | **STRICKEN** | 6/12/15 | 27 | See above. |
| 6/13/15 | 28 | Second Ex Parte Application for Default Judgment, Request for Judicial Notice, and Request for *In Camera* Review of Plead Fraud in Defendant's *Motion to Dismiss* Document | **STRICKEN** | 6/16/15 | 32 | Order to Strike Electronically Filed Documents (Dkt. 28 and 31): Failure to comply with Local Rule 55-1 (Default Judgments); "Default by Clerk is not appropriate as defendant has filed a motion to dismiss. Default Judgment is not appropriate because Default by Clerk has not been entered. " |
| 6/15/15 | 31 | Response in support of Plaintiff's Second Ex Parte Application for Default Judgment and Request for In Camera Review | **STRICKEN** | 6/16/15 | 32 | See above. |
| 6/16/15 | 33 | Plaintiff's Second Request For *In Camera Review* of Fraudulently Plead Corporate Citizenship by the Defendant | **STRICKEN** | 6/16/15 | 34 | Order to Strike Electronically Filed Documents (Dkt. 33) for reasons stated in the Court's Orders Striking Dkt. 27 and 32. |
| 6/16/15 | 36 | Second Show of Cause of Proper Jurisdiction and Third Request for Immediate Review of Defendant's Fraudulent Pleadings | **CASE DISMISSED** | 6/29/15 | 44 | Order Dismissing Action Without Prejudice |
| 6/16/15 | 37 | Amended Second Show of Cause for Proper Personal Jurisdiction and Third Request for Immediate Review |  |  |  |  |

| Date | Dkt. | Plaintiff's Filings | Disposition | Date | Dkt. | Court's Order /Notice |
|------|------|---------------------|-------------|------|------|------------------------|
| | | of Defendant's Fraudulent Pleadings | | | | |
| 6/17/15 | 38 | Application for Default Judgment | **STRICKEN** | 6/16/15 | 39 | Order to Strike Electronically Filed Documents (Dkt. 38) for reasons stated in Court Orders Striking Dkt. 27, 32, and 34. |
| 6/17/15 | 40 | Plaintiff's Statement and Request for Clarification on Court's Orders. Plaintiff has a fiduciary Obligation to its client to bring Defendant's plead fraud to the Court's attention immediately and Request for Judicial Notice | | | | |
| 6/24/15 | 41 | Plaintiff's Second Statement. Defendant has failed to Timely File a Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss | | | | |
| 6/26/15 | 43 | Plaintiff's Ex Parte Application to Strike Defendant's Untimely Reply Paper. | **TERMINATED** | 6/29/15 | 44 | See above. |
| 6/30/15 | 46 | Plaintiff's Ex Parte Application to Re-Open case, to Re-assign case and Default Defendant. | **STRICKEN** | 6/30/15 | 47 | Order to Strike Electronically Filed Documents (ECF No. 46) because case is closed. |
| 6/30/15 | 49 | Amended Plaintiff's Ex Parte Application to Re-Open, Re-Assign Case, and Default Defendant. Original Court Cannot Strike a Disqualification document. | **REFERRED** | 7/1/15 | 51 | Order re Ex Parte Application: To the extent the Application seeks reassignment of the assigned judge, the Clerk shall have that portion of the Application referred for determination pursuant to General Order 14-03. The remaining portions of the Application shall be stayed pending a decision on |

Gibson, Dunn & Crutcher LLP

22

| Date | Dkt. | Plaintiff's Filings | Disposition | Date | Dkt. | Court's Order /Notice |
|---|---|---|---|---|---|---|
| | | | | | | plaintiffs request to have the matter reassigned to another judge. |
| 7/1/15 | 53 | Plaintiff's Reply in Support of Plaintiff's Ex Parte Application to Re-Open case, Re-Assign case, and Default Defendant | | 7/1/15 | 52 | Referral of Motion to Disqualify Judge to Judge Beverly Reid O'Connell for determination |
| | | | | 7/9/15 | 57 | Order Denying Ex Parte Application to Disqualify District Judge Fernando Olguin: "Plaintiff has failed to provide any evidence or even factual allegations that would cause a 'reasonable person with knowledge of all the facts [to] conclude that [Judge Olguin's] impartiality might reasonably be questioned.'" |
| | | | DENIED | 7/21/15 | 58 | Order Denying Motion for Reconsideration |
| 7/7/15 | 56 | Plaintiff's Statement of Defendant's Failure to Confer | | | | |

## *Havensight II: Havensight Capital, LLC v. Facebook Inc.*
## Case No. 15-CV-0586 (San Luis Obispo County Superior Court), later transferred to
## Case No. CIV 537307 (San Mateo County Superior Court)

| Date | Plaintiff's Filings | Disposition | Date | Court's Order /Notice | Judge |
|---|---|---|---|---|---|
| 10/25/15 | Complaint | DISMISSED | 3/29/15 | Order Sustaining Facebook's Demurrer With Leave to Amend | Scott |
| 2/25/16 | Plaintiff's Motion for Default Judgment and for Disqualification of Defense Counsel | DENIED | 3/29/16 | Notice of Entry of Order Denying Motion for Default Judgment and for Disqualification of Counsel | Scott |
| 4/4/16 | First Amended Complaint | DISMISSED | 6/15/16 | Order Sustaining Facebook's Demurrer Without Leave to Amend | Ayoob |
| 7/1/16 | Motion for New Trial and Motion to Correct Clerical Error | DENIED | 9/26/16 | Order of Dismissal After Order Sustaining Facebook's Demurrer to First Amended Complaint Without Leave to Amend | Ayoob |

Gibson, Dunn & Crutcher LLP

### *Havensight II: Havensight Capital, LLC v. Facebook Inc.*
### Case No. A149366 (California Court of Appeal)

| Date | Plaintiff's Filings | Disposition | Date | Court's Order /Notice | Judges |
|------|---------------------|-------------|------|-----------------------|--------|
| 9/20/16 | Notice of Appeal | **DISMISSAL AFFIRMED** | 4/27/17 | Opinion affirming the Superior Court's ruling and judgment dismissing plaintiff's lawsuit | Dondero Humes Margulies |
| 5/19/17 | Petition for Rehearing | **DENIED** | 5/19/16 | Order denying rehearing petition | Dondero Humes Margulies |

### *Havensight II: Havensight Capital, LLC v. Facebook Inc.*
### Case No. A149366 (California Supreme Court)

| Date | Plaintiff's Filings | Disposition | Date | Court's Order /Notice |
|------|---------------------|-------------|------|-----------------------|
| 6/1/17 | Petitioner and Appellant's Petition for Review | **DENIED** | 7/12/17 | Opinion affirming the Superior Court's ruling and judgment dismissing plaintiff's lawsuit |

Gibson, Dunn &
Crutcher LLP

FACEBOOK INC.'S MOTION TO DECLARE HAVENSIGHT CAPITAL LLC A VEXATIOUS LITIGANT – CASE NO. 2:17-CV-06727